Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 2110 | **DATE** | 5/30/2001 |
| **CASE TITLE** | In Re: Comdisco Securities Litigation | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. This Court grants Ceasar's oral motion to dismiss his complaint and this action. Ceasar's counsel has asked that the dismissal be without prejudice. To the extent that Ceasar might have a claim that comes within the class period specified in Case No. 01 C 2110, that motion will be granted– there is not reasons that Ceasar should not be able to participate in that class if he has any claim. To the extent that Ceasar seeks to keep a Damoclean sword suspended over defendants' heads for the short stub period 10/3/99 through 1/24/00, the motion is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | JUN 01 2001 date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | ED-7 FILED FOR DOCKETING | docketing deputy initials | 33 |
| | Copy to judge/magistrate judge. | 01 MAY 31 PM 3:22 | | |
| SN | courtroom deputy's initials | Date/time received in central Clerk's Office | JUN 01 2001 date mailed notice mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re<br><br>COMDISCO SECURITIES LITIGATION<br><br>This memorandum order relates only to the following action:<br><br>MICHAEL CEASAR, etc.,<br><br>        Plaintiff,<br><br>v.<br><br>COMDISCO, INC., et al.,<br><br>        Defendants. | No. 01 C 2110<br><br><br><br><br><br><br><br>No. 01 C 1177 |

MEMORANDUM OPINION AND ORDER

DOCKETED
JUN 01 2001

By telephonic communication to this Court's minute clerk by counsel for plaintiff Michael Ceasar, Trustee for the Howard Gunty Profit Sharing Plan ("Ceasar"), as plaintiff in this putative class action charging securities laws violations, Ceasar has moved for dismissal of his Complaint. At the outset this Court holds that no notice of the proposed dismissal needs to be given to members of the putative class (see Fed. R. Civ. P. ("Rule") 23(e)):

    1. As for any such persons or entities who or that are class members by reason of transactions engaged in during the class period from January 25 through October 3, 2000, they are already members of the class in the active litigation known as <u>In re Comdisco Sec. Litig.</u>, Case No.

01 C 2110, with respect to which this Court is presently considering the designations of the most adequate plaintiff and of counsel for the plaintiff class. Those persons or entities will be totally unaffected by any dismissal of Ceasar's putative class claim in this action (in which no class certification order has even been considered, let alone granted).

2. As for any such persons or entities who or that are potential class members by reason of transactions engaged in during the rest of the proposed class period chosen by Ceasar in his Complaint ¶1 (the interval from November 3, 1999 through January 24, 2000),[1] the very pendency of Ceasar's action has tolled the running of limitations under the seminal decision in <u>Crown, Cork & Seal Co. v. Parker</u>, 462 U.S. 345, 349-51 (1983), which adhered to the earlier decision in <u>American Pipe & Constr. Co. v. Utah</u>, 414 U.S. 538 (1974)--and see also <u>Hemenway v. Peabody Coal Co.</u>, 159 F.3d 255, 265-66 (7th Cir. 1998). Hence none of those persons or entities can have been prejudiced in any respect at any time before now.

---

[1] It is worth noting that well over a dozen other virtually identical class actions were filed before this Court ultimately telescoped them into Case No. 01 C 2110. Every one other than Ceasar had designated the same January 25 through October 3, 2000 class period that has been referred to in the preceding paragraph 1 in the text.

Nor is the situation altered by any potential concerns as to future prejudice. To be sure, Rule 23(e) preconditions any such dismissal, even of a pre-certification putative class action, not only on court approval but also on "notice of the proposed dismissal...to all members of the class in such manner as the court directs." Even though that language reads literally in mandatory terms, our Court of Appeals has long since held that Rule 23(e) does not invariably require notice when the case is disposed of before certification (Simer v. Rios, 661 F.2d 655, 664-66 (7th Cir. 1981), reconfirmed in Glidden v. Chromalloy Am. Corp., 808 F.2d 621, 627-28 (7th Cir. 1986)).

In this instance it is highly doubtful (at a minimum) that any member of Ceasar's proposed class who or that is involved solely in the short (less than three months) remaining stub of the class period originally designated by Ceasar--that is, anyone who does not remain fully protected by the pendency of Case No. 01 C 2110--has somehow relied on the pendency of Ceasar's totally unpublicized lawsuit. And it is worth noting again that a host of knowledgeable lawyers in securities litigation (and their clients), all of whom have charged the identical defendants with violations of the securities laws, have perceived nothing in the pre-January 25, 2000 period as actionable in those terms.[2]

---

[2] This Court of course makes no finding on that score. Instead the point is that the stated factor renders it even more unlikely that anyone could suffer prejudice via reliance on

3

This Court therefore grants Ceasar's motion to dismiss his Complaint and this action. One point remains: Ceasar's counsel has asked that the dismissal be without prejudice. To the extent that Ceasar might have a claim that comes within the class period specified in Case No. 01 C 2110, that motion will be granted--there is no reason that Ceasar should not be able to participate in that class if he has any claim. But to the extent that Ceasar seeks to keep a Damoclean sword suspended over defendants' heads for the short stub period from October 3, 1999 through January 24, 2000, that motion is denied.

Milton I. Shadur
Senior United States District Judge

Date: May 30, 2001

---

Ceasar's lawsuit (or on its presumed continued pendency in the absence of notice).

4