# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 2110 | **DATE** | 10/1/2001 |
| **CASE TITLE** | In Re: Comdisco Securities Litigation | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Plaintiff's motion for an order compelling the production of any directors' and officers' insurance policies and any other insurance policies is granted. Individual Defendants' counsel are ordered to deliver photocopies of all Insurance Policies to Class counsel forthwith.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | OCT 3 – 2001 date docketed | |
| ✓ | Docketing to mail notices. | | | 46 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | ꜰILED FOR DOCKETING | | |
| SN | courtroom deputy's initials | 01 OCT -2 AM 10: 30 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED

OCT 3 - 2001

In re                              )
                                   )    No. 01 C 2110
COMDISCO SECURITIES LITIGATION     )
                                   )
                                   )
                                            OCT 3 - 2001

MEMORANDUM OPINION AND ORDER

Counsel for the plaintiff class in this securities fraud

action ("Class Counsel") seek an order compelling the production

by the Individual Defendants (a collective term employed here to

designate the defendants other than Comdisco, Inc. ("Comdisco"))[1]

of any directors' and officers' insurance policies and any other

insurance policies relevant to the litigation (collectively

"Insurance Policies").  Under ordinary circumstances such

production is compelled by the express initial disclosure

provisions of Fed. R. Civ. P. ("Rule") 26(a)(1)(B).

Individual Defendants' counsel urge that these are not

however "ordinary circumstances"--that the prohibition against

discovery that was enacted as part of the 1995 Private Securities

Litigation Reform Act ("Reform Act," the provisions of which are

cited here simply as "Subsection--," omitting any prefatory

reference to "15 U.S.C. §78u-4") trumps the mandate of the above-

cited Rule.  Here is Subsection (b)(3)(B):

In any private action arising under this chapter, all

---

[1] Because Comdisco has invoked the mantle of protection of
the bankruptcy laws, at this point the automatic stay of 11
U.S.C. §362 precludes any further proceedings against it.

46

discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party.

In their effort to assist this Court to resolve their dispute, the parties have generated a veritable fusillade of letters, respectively calling what they view as supporting authority to their aid: plaintiffs' counsel with letters dated September 17, 21, 26 and 28 and Individual Defendants' counsel with letters dated September 14, 18, 25 and 26. Individual Defendants lean heavily on the mandamus decision in Medhekar v. United States Dist. Court, 99 F.3d 325 (9th Cir. 1996)(per curiam), while plaintiffs advance a contrary position in reliance on the statutory language and purpose.

In terms of the statutory language, the parties' dispute poses an interesting quirk of semantics: Although the place that Rule 26 occupies in the Rules comes under the rubric of "Depositions and Discovery," Rule 26 itself is meticulous in distinguishing between "disclosure" (including "initial disclosure") and "discovery." Insurance Policies of the type sought by Class Counsel are expressly provided for under Rule 26(a)(1)(D) as part of the mandatory initial "disclosure" by defendants, and not in the portions of Rule 26 that speak of "discovery," while by contrast the Reform Act's stay provision speaks only in terms of "discovery and other proceedings."

Nevertheless the fact remains that Medhekar considered the

distinction identified in the preceding paragraph (one that had

been pointed out and elaborated upon by District Judge Marilyn

Patel in her opinion sub nom. Hockey v. Medhekar, 932 F.Supp. 249

(N.D. Cal. 1996) and found it unpersuasive. Instead Medhekar

proceeds on the premise that advance disclosure comes within the

scope of "discovery and other proceedings" for Reform Act

purposes, and it bars such disclosure on that basis.

This Court does not lightly express its differences with the

views of a Court of Appeals, particularly when set forth in an

opinion that a distinguished panel has seen fit to issue per

curiam. But it must be said that the reliance by Medhekar, 99

F.3d at 328 on the fact that the Rule 26 disclosure obligation

has been placed within one of the Rules that is in a group of a

dozen preceded by the heading "Depositions and Discovery" seems

to put excessive weight on an extraordinarily slim reed.

Quite apart from the general legal doctrine that a

legislative title is not part of the enactment itself--a doctrine

that would certainly appear to extend to the general "Depositions

and Discovery" categorization that attaches to Rules 26 through

37--there are other indications that the label should not be taken

literally. Thus Rule 36 comes within that same group, yet it

would surely be an odd locution to characterize a party's request

for admission of an already known fact, the denial of which simply

results in fee-shifting for the cost of proving the fact at trial

3

(see Rule 37(c)(2)), as "discovery." Yet there Rule 36 is, obviously placed within that grouping for convenience--because its subject matter is related to the other Rules that <u>are</u> plainly "discovery" rules--and not because the Rule itself covers "discovery" as such.

Moreover, it must be remembered that the disclosure provisions were newly placed in a pre-existing rule that had contained no such subject matter, and it could scarcely be expected that the generic heading of the dozen Rules would simultaneously be revised to take account of the insertion of such new subject matter.[2] By sharp contrast, when the provisions for initial disclosure were newly inserted into Rule 26, the title of Rule 26 itself <u>was</u> changed from "General Provisions Governing Discovery" to "General Provisions Governing Discovery; Duty of Disclosure," thus highlighting the differentiation between the two concepts. That discrete two-category treatment, rather than "disclosures" being merely "a subset of discovery" (<u>Medhekar</u>, 99 F.3d at 328), seems to this Court to invalidate the Ninth

---

[2] As Chairman of the Judicial Conference's Advisory Committee on the Rules of Evidence, this Court is privileged to attend and participate in the meetings of the Standing Committee on the Rules of Practice and Procedure, which is also the umbrella committee over several other Advisory Committees--those dealing with the Rules of Civil Procedure, the Rules of Criminal Procedure and the Rules of Appellate Procedure. All of those committees do prodigious and meticulous work in conjunction with the amendment procedures of their respective rules--but never once in this Court's experience has any of them discussed or even looked to such chapter headings either as candidates for possible amendment or as aides to construction of the substantive rules.

Circuit's reliance on the purely convenient placement of the new discovery provisions in Rule 26, which has retained its original placement under the generic heading. And when Medhekar's attempted underpinning by that generic heading is thus removed, this Court submits that the entire analytical structure collapses.

There is no Seventh Circuit law on the subject, but this Court need not decide whether its just-expressed doubts would prove persuasive to our Court of Appeals, or whether that court would instead sign onto the Medhekar analysis and its holding. There is no such need because even in terms of Subsection (b)(3)(B) there is an exception for any situation in which "the court finds upon the motion of any party that particularized discovery is necessary...to prevent undue prejudice to that party." It is fair to read that exception (indeed the entire Subsection) in light of the two purposes that underlie the statutory prohibition:

1. to prevent the imposition of any unreasonable burden on a defendant before disposition of a motion to dismiss the complaint (see Medhekar, 99 F.3d at 328) and

2. to avoid the situation in which a plaintiff sues without possessing the requisite information to satisfy the Reform Act's heightened pleading requirements, then uses discovery to acquire that information and resuscitate an otherwise dismissable complaint.

5

Neither of those concerns is implicated here as to the limited request at issue. Insurance Policies, whether present or absent, will not affect the viability of this action as and when Individual Defendants file a motion to dismiss (as they have not yet done). Nor is any burden at all involved in the simple photocopying of readily available Insurance Policies. Importantly in terms of the statutory reference to "undue prejudice," knowledge of the existence or nonexistence of insurance and the amount of any coverage are essential to the exercise of Class Counsel's ability to carry out that law firm's fiduciary obligations to its class member clients--especially given Comdisco's presence in the bankruptcy court, which has triggered the automatic stay of any proceedings against it as a codefendant.[3]

Accordingly Class Counsel's motion is granted. Individual Defendants' counsel are ordered to deliver photocopies of all Insurance Policies to Class Counsel forthwith.

Milton I. Shadur
Senior United States District Judge

Date: October 1, 2001

---

[3] In light of the conclusion reached here, there is also no need to decide whether the absence of a pending motion to dismiss, as contrasted with defense counsel's statement that such a filing is contemplated, should make any difference in the applicability of Subsection (b)(3)(B).